United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CASSANDRA LEA SANCHEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-362 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Dolgencorp of Texas, Inc.'s Traditional and in the Alternative Partial No-Evidence Motion for Summary Judgment."[1] Plaintiff has responded to the motion[2] and Defendant has filed a reply.[3] After considering the motion, the record, and the relevant authorities, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a premise liability case. Plaintiff alleges she sustained bodily injuries from tripping and falling on broken sidewalk while an invitee at Defendant's property.[4] Plaintiff commenced this action on July 25, 2022, with the filing of her original petition in state court.[5] Defendant removed to this Court on October 12, 2022. The Court now turns to the instant motion.

---

[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] Dkt. No. 12.
[4] Dkt. No. 1-1 at 7.
[5] *Id*. at 5-13.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court has the ability to grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] The primary purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.[7] Although the Court applies federal procedural law, since the Court sits in diversity, it applies Texas substantive law.[8]

To earn summary judgment, the movant must demonstrate that there are no disputes in regard to genuine and material facts and that the movant is entitled to summary judgment as a matter of law.[9] "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."[10] The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[11] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[12] To demonstrate the absence of a genuine dispute of material fact, the movant must point

---

[6] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc*., 450 F.3d 622, 624 (5th Cir. 2006).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[8] *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

[9] *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).

[10] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").

[11] *Lynch Props. v. Potomac Ins. Co., 140 F.3d 622, 625* (5th Cir. 1998).

[12] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to

to competent evidence in the record, such as documents, affidavits, and deposition testimony[13] and must "articulate precisely how this evidence supports his claim,"[14] to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[16] Accordingly, the Court may not enter summary judgment by default,[17] but may accept a movant's facts as undisputed if they are unopposed.[18]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[19] The nonmovant's demonstration cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"[20] and a "mere scintilla of evidence" also will not do.[21] Even if the nonmovant produces more than a scintilla of evidence in its favor, such evidence may be "so overwhelmed by contrary proof" that summary judgment is

---

establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").

[13] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.,* 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[14] *RSR Corp. v. Int'l Ins. Co.,* 612 F.3d 851, 857 (5th Cir. 2010).

[15] *Celotex Corp.,* 477 U.S. at 322 (quoting FED. R. CIV. P. 56(c)).

[16] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.,* 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).

[17] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985).

[18] *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition")

[19] *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."); *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir. 1991) ("[T]he party responding to a summary judgment motion must support her response with specific, non-conclusory affidavits or other competent summary judgment evidence.").

[20] *United States ex rel. Farmer v. City of Houston,* 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir. 2002)).

[21] *Chaney v. Dreyfus Serv. Corp.,* 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n,* 920 F.3d 269, 272 (5th Cir. 2019).

still proper in favor of the movant.[22] The Court does not need to "credit evidence that is 'blatantly contradicted by the record,' especially by video or photographic evidence."[23] Neither self-serving allegations nor conclusory affidavits can defeat a motion for summary judgment supported by probative evidence.[24] "[T]he nonmoving party must adduce evidence sufficient to support a jury verdict."[25] The Court will countenance only reasonable inferences in the nonmovant's favor and will not indulge "senseless" theories or leaps in logic.[26] The nonmovant is "required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[27] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[28] Courts "will not assume 'in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts,' and will grant summary judgment 'in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[29] The Court is under no duty to sift

---

[22] *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (quoting Neely v. *Delta Brick and Tile Co.*, 817 F.2d 1224, 1226 (5th Cir. 1987)), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000).
[23] *Malbrough v. Stelly*, 814 F. App'x 798, 804 (5th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).
[24] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018); *see Cadena v. El Paso County*, 946 F.3d 717, 725 (5th Cir. 2020) ("[A]ffidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.").
[25] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[26] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).
[27] *Ragas*, 136 F.3d at 458 (emphasis added).
[28] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case.").
[29] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[30]

"A fact is 'material' if its resolution could affect the outcome of the action,"[31] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[32] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[33] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[34] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[35] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[36]

**b.   Analysis**

Defendant[37] and Plaintiff[38] both acknowledge that pursuant to Texas law, Defendant's duty is to "make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not."[39] Defendant does not dispute that Plaintiff was an invitee at the property.[40] However, while Defendant maintains that the crack

---

[30] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).

[31] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).

[32] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006); *see Bache v. Am. Tel. & Tel. Co.*, 840 F.2d 283, 287 (5th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) ("[T]o determine if an issue of material fact is genuine, we must then decide whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

[33] *Anderson,* 477 U.S. at 248.

[34] *Sheline v. Dun & Bradstreet Corp.,* 948 F.2d 174, 176 (5th Cir. 1991).

[35] Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).

[36] *Boudreaux*, 402 F.3d at 540.

[37] Dkt. No. 10 at 2, ¶ 5.

[38] Dkt. No. 11 at 3, ¶ 12.

[39] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201 (Tex. 2015).

[40] Dkt. No. 9 at 2, ¶ 5.01.

was not unreasonably dangerous; Defendant's sole argument in the motion for summary judgment is that there is no genuine dispute that the defect on the property was open and obvious.[41] Thus, Defendant argues that the condition did not give rise to a legal duty to make safe or warn and the Court should grant summary judgment.[42]

Defendant argues that this Court should compare this case to a recent decision by the Texas Court of Appeals, *Dodson v. Watermark at Timbergate B, LLC*.[43] In *Dodson*, Plaintiff tripped on a defect in a pavement and summary judgement was upheld on the basis that the condition of the defect was "open and obvious."[44] When a defect is "open and obvious . . . the landowner is not in a better position to discover it."[45] In such a situation, the purported "condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks."[46] The Texas Thirteenth Court of Appeals affirmed summary judgment for the Defendant in *Dodson* and held, "even indulging every reasonable inference in favor of Dodson, and even assuming, without deciding, that the curb crack constituted an unreasonably dangerous condition, we cannot conclude that the record supports the contention that the curb crack was concealed."[47]

Plaintiff disputes Defendant's characterization and attempts to distinguish the defect on Defendant's property from the defect outlined in *Dodson*.[48] The Plaintiff claims that in *Dodson*,

> a [defect] in the *curb expansion joint*, not the sidewalk, was the dangerous condition that caused her injuries. This is a significant difference because a sidewalk is not vertical and facing a pedestrian unlike a curb, as in *Dodson*. Additionally, a curb is naturally displaced in height from the floor and is obvious in that regard – whereas a sidewalk is flat and flush with the ground and is reasonably expected to be well-

---

[41] Dkt. No. 10 at 3.
[42] *Id.*
[43] *Dodson v. Watermark at Timbergate B, LLC*, 2023 WL 163584 (Tex. App. Jan. 12, 2023).
[44] *Id.*
[45] *Id* at *2 (citing *Austin*, 465 S.W. 3d at 203).
[46] *Id.*
[47] *Dodson,* 2023 WL 163584, at *2.
[48] Dkt. No. 11 at 4 ¶ 14.

formed and secure to step on. Indeed, the sidewalk in the present case was not vertical or facing Plaintiff and thus its dangerous condition was not open and obvious.[49]

In her deposition, Plaintiff states that she was about to walk into Defendant's retail location to purchase alcohol when she realized she had forgotten her identification in her vehicle.[50] She turned around and walked back to her car where she tripped and fell due to the crack in the sidewalk.[51] Plaintiff then took the following photographic evidence of the crack in the sidewalk:



Defect at Defendant's property, Dkt. No. 10 at 5.

The evidence in this case overwhelmingly shows that the condition here was open and obvious. The photograph, taken shortly after the incident, shows that it was daytime outside and the crack was well lit and visible. Further, the crack is not obscured by any sort of debris or grass overgrowth. Thus, the Court finds that the photographic evidence provided by Plaintiff clearly portrays that the crack "was objectively observable to a person exercising reasonable care . . . ."[52]

Plaintiff asserts that she did not see the crack before tripping and falling.[53] However, just because Plaintiff may not have been looking does not negate the fact that the defect was open and

---

[49] *Id* at 4 ¶ 15.
[50] Dkt. No. 10-3 at 2.
[51] *Id.*
[52] *Dodson,* 2023 WL 163584, at *3.
[53] Dkt. No. 1-3 at 3.

obvious. As the Texas Supreme Court stated, "[t]iny surface defects in pavement are ubiquitous and naturally occurring. Accordingly, reasonable invitees know that parking lots are not perfectly flat and even, and they use caution when exiting their vehicles."[54] While Plaintiff was not exiting her vehicle, the same concept still applies that this was an open and obvious minor surface defect, and the incident could have been avoided by simply exercising caution.

Additionally, the Court does not believe that it is significant that the crack considered in the *Dobson* case was found on a curb as opposed to being flat on the sidewalk. If anything, the crack in this case as portrayed in Plaintiff's photograph appears more open and more obvious than the crack in the *Dodson* case.



*Compare* defect at Defendant's property, Dkt. No. 10 at 5

*with* defect in *Dodson*, 13-22-00129-CV, 2023 WL 163584 at \*2.



---

[54] *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022)

As the court in *Dodson* stated, it did not intend to make "broad pronouncements on whether pavement cracks generally constitute open and obvious conditions."[55] That assessment is particular to each case.[56] The evidence in this particular case supports a finding that the crack in the sidewalk was open and obvious. Thus, the Court finds that Defendant has satisfied its burden by pointing out that the provided evidence fails to support the essential elements of Plaintiff's claims. In turn, Plaintiff has failed to provide any evidence that supports the essential elements of her claims. Accordingly, the Court finds that there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.[57] Plaintiff cannot prove any of her claims as a matter of law. "Defendant Dolgencorp of Texas, Inc.'s Motion to Exclude Testimony of Noah Godwin, MD and Exclude Life Care Plan Report" is hereby **DENIED AS MOOT**.[58] This case will terminate upon entry of final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[55] *Dodson,* 2023 WL 163584, at *3.
[56] *Id.*
[57] Dkt. No. 10.
[58] Dkt. No. 13.